UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE DENSON,<br><br>                   Plaintiff,<br><br>v.<br><br>KEPLR VISION, LLC, et al.,<br><br>                   Defendants, | Case No.: 3:20-cv-2228-L-BGS<br><br>**ORDER ON MOTION TO COMPEL ARBITRATION** |

Pending before the Court is Defendants' motion to compel arbitration. Plaintiff opposed, and Defendants replied. The parties also submitted supplemental briefs. The Court decides the matter on the papers submitted without oral argument. *See* Civ. L. R. 7.1. For the reasons stated below, the Court **GRANTS** the motion.

### BACKGROUND

Plaintiff Valerie Denson ("Denson") was Defendants' employee. (ECF 1, Complaint). Defendants terminated her employment. Thereafter, she initiated this action, asserting six claims against Defendants for discrimination and wrongful termination. *Id*. Defendants now move to compel arbitration. (ECF 20).

### LEGAL STANDARD

The Federal Arbitration Act ("FAA") governs the enforceability of arbitration agreements in contracts involving commerce. *See* 9 U.S.C. § 1 et seq. The FAA makes written arbitration agreements "valid, irrevocable, and enforceable, save upon such grounds that exist at law or in equity for the revocation of any contract." *Id*. at § 2.

"Because arbitration is fundamentally a matter of contract, the central or primary purpose of the FAA is to ensure that private agreements to arbitrate are enforced according to their terms." *Momot v. Mastro*, 652 F.3d 982, 986 (9th Cir. 2011) (internal quotation marks and citation omitted).

Congress enacted the FAA to overcome "widespread judicial hostility to arbitration agreements," and to ensure that courts enforce valid agreements to arbitrate. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

"A party seeking to compel arbitration has the burden under the FAA to show (1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015); *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015); *Knutson v. Sirius XM Radio Inc.*, 771 F.3d 559, 565 (9th Cir. 2014). State contract law controls whether the parties agreed to arbitrate. *Circuit City Stores, Inc. v. Adams*, 279 F.3d 889, 892 (9th Cir. 2002).

**DISCUSSION**

Denson raises several arguments in opposition to the motion: (1) the FAA is inapplicable, (2) the arbitration agreement is invalid, (3) the agreement (if valid) is unenforceable, and (4) Defendants waived their right to arbitrate. (ECF 25). The Court will address each argument.

### *1. The Federal Arbitration Act Applies*

The Act is applicable to arbitration agreements that involve interstate commerce. *See Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52, 56 (2003); 9 U.S.C. § 2.

Defendant Keplr Vision ("KV") manages optometry practices throughout the United States, including Defendant Carmel Mountain Vision Care Optometry, Inc. ("Carmel Mountain"). (Doc. No. 20-2 at ¶ 3). KV is incorporated in Delaware and has its corporate headquarters in Illinois. (*Id.* at ¶ 6). Denson is a California resident. (*See* Complaint). The agreement is related to her employment. (*Id.*) Carmel Mountain also uses products and equipment acquired from outside California. (*Id.* at ¶ 7). The

agreement involves interstate commerce. The FAA therefore applies. *See E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 289 (2002) (employment contract); *Circuit City Stores v. Adams*, 532 U.S. 105, 113 (2001) (same); *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 281-82 (1995) (explaining arbitration agreement involved interstate commerce because defendant had a multi-state business and used out-of-state materials).

### 2. *The Agreement is Valid*

To determine whether an agreement to arbitrate exists, courts apply the applicable state law that governs contract formation. *Circuit City Stores, Inc.*, 279 F.3d at 892. Mutual assent is an element under California law. *Knutson v. Sirius XM Radio, Inc.*, 771 F.3d 559, 565 (9th Cir. 2014).[1]

Denson argues there was no mutual assent because the agreement omits two material terms: (1) what state law applies, and (2) where the arbitration would occur. (ECF 25 at 6). Those terms were omitted from a prior arbitration agreement Denson signed. (*See* Exhibit 1 at 6-7). But the agreement at issue includes those terms. (*See id*. at 3-4). The Court therefore rejects that argument.

There is also sufficient evidence to support the existence of mutual consent. The agreement is titled "**MANDATORY MEDIATION AND ARBITRATION AGREEMENT**." (*See* Exhibit 1) (emphasis and capitalization original). The terms are clear. It covers claims related to Denson's employment. (*Id*. at 1) ("claims covered . . . include . . . all controversies or claims . . . connected with your employment.") And it requires Denson to submit her disputes to arbitration. (*Id*.) ("disputes that may arise from your employment . . . or termination . . . must . . . be submitted . . . [to] arbitration.") There is also no dispute Denson signed the agreement. (*See* ECF 25).

---

[1] The parties do not dispute California law applies.

Overall, Defendants met their burden. *Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1283 (9th Cir. 2017) (the party seeking to compel arbitration must prove the existence of a valid agreement by a preponderance of the evidence); *Alexander v. Codemasters Grp. Ltd.*, 104 Cal. App. 4th 129, 141 (2002) ("mutual assent is determined under an objective standard applied to the outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings."); *Marin Storage & Trucking, Inc. v. Benco Contracting & Eng'g, Inc.*, 89 Cal. App. 4th 1042, 1049 (2001) ("one who signs an instrument which on its face is a contract is deemed to assent to all its terms.")[2]

### 3. The Agreement is Enforceable

Denson argues the agreement is unconscionable. "Under California law, unconscionability has both a procedural and a substantive element, the former focusing on oppression or surprise due to unequal bargaining power, the latter on overly harsh or one-sided results." *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1210 (9th Cir. 2016) (internal quotation marks and citation omitted). Both must be present for a contract to be unconscionable. *Id*. But there is a sliding scale between the two, where the more substantively unconscionable the contract, the less procedural unconscionability is required to declare unenforceability, and vice versa. *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1260 (9th Cir. 2017).

*Procedural Unconscionability*

The agreement at issue is an adhesion contract. Defendants held the power, drafted the agreement, and conditioned Denson's employment on her acceptance. But, without more, an adhesion contract "gives rise to a low degree of procedural unconscionability at

---

[2] Denson asserts she was unaware the agreement covered disputes against KV. (ECF 25 at 4). But it is unclear to what extent Denson relies on that assertion given it is omitted from the legal argument section. (*Id*. at 4 and 6). Regardless, the agreement covers claims related to affiliated entities (i.e., KV). (*See* Exhibit 1 at 2).

most." *Poublon*, 846 F.3d at 1261-62. If "there is no other . . . oppression or surprise," then a non-negotiable employment agreement "will be enforceable unless the degree of substantive unconscionability is high." *Id.* at 1261. There is nothing to suggest Denson was surprised. And the terms were not hidden (such as in an employment manual). Instead, it appears the agreement was a standalone document (with clear terms and titles).

Denson argues the agreement is unconscionable because Defendants failed to provide her with the arbitration rules. (ECF 25 at 9). But she does not argue the rules themselves are unconscionable. *Id*. The failure to provide the rules therefore does not alter the analysis. *See Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1246 (2016); *Poublon*, 846 F.3d at 1262 ("incorporation by reference, without more, does not affect the finding of procedural unconscionability."); *Lane v. Francis Capital Management LLC*, 224 Cal. App. 4th 676, 690 (2014) (the failure to attach incorporated arbitration rules is not "by itself" sufficient to sustain a finding of procedural unconscionability, but it "could be a factor supporting a finding of procedural unconscionability where the failure would result in surprise to the party opposing arbitration.")

Overall, the agreement is procedurally unconscionable given the employment was conditioned on her acceptance (and she was already an employee at that time). But the degree is low.

*Substantive Unconscionability*

Denson argues the informal resolution requirement under the agreement provides Defendants with an unfair advantage. (ECF 25 at 13). She also argues the agreement does not provide for adequate discovery, waives her right to jury trials, and limits her ability to recover attorneys' fees and costs. (*Id*. at 10).[3]

---

[3] In her supplemental brief, Denson argues – in a footnote – that there are other unconscionable clauses in the agreement. (ECF 30 at 5). But she did not raise those arguments in her opposition. (*See* ECF 25). And the Court's order requiring supplemental briefing was limited to the fee-shifting clause. (*See* ECF 29). The Court will therefore not address those arguments.

The informal resolution requirement is not unconscionable. Denson's argument is nothing more than a conclusory statement. (ECF 25 at 13). Moreover, the agreement simply requires the parties to pursue an informal resolution prior to arbitration. (Exhibit 1 at 2). It does not set forth any required steps that might provide Defendants with an unfair advantage (e.g., subjecting Denson to a fact-finding discussion or requiring Denson to present her case).

The agreement authorizes the arbitrator "to allow for appropriate discovery," including document requests and depositions. (*See* Exhibit 1 at 3). The Court therefore rejects Denson's inadequate discovery argument.[4]

The agreement also does not waive Denson's right to a jury trial for claims *not* covered under it. (*See* Exhibit 1 at 5). The Court therefore rejects that argument. *See Dougherty v. Roseville Heritage Partners*, 47 Cal. App. 5th 93, 107 (2020) (an agreement is unconscionable where it requires a party "to waive in advance their right to a jury trial for any dispute for which arbitration is *not* allowed by law.") (emphasis added).

The agreement authorizes the arbitrator to award all remedies available under the applicable law. (Exhibit 1 at 3). That clause therefore allows the arbitrator to award attorneys' fees and costs under California's Fair Employment and Housing Act. *See* Cal. Gov. Code § 12965(b) ("the court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs.")

Moreover, the agreement requires the arbitrator to apply the substantive law applicable to Denson's claims. (Exhibit 1 at 3). The Court construes that clause as requiring the arbitrator to award reasonable attorneys' fees and costs if Denson succeeds on her Family and Medical Leave Act claim. *See* 29 U.S.C. § 2617(a)(3) ("the court in such an action *shall*, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to

---

[4] Denson asserts the agreement only authorizes three depositions. (ECF 25 at 10). But that clause is from a prior agreement, not the one at issue. (*See* ECF 26 at 9).

be paid by the defendant.") (emphasis added); *see* Cal. Civ. Code § 1670.5. Defendants agree with this interpretation. (*See* ECF 26 at 9) ("the agreement does not limit [Denson's] *right* to recover statutory attorneys' fees in accordance with the [Fair Employment and Housing Act] or *any other* governing law.") (emphasis added). The agreement does not eliminate Denson's right to recover fees and costs.

However, there is one clause that is unconscionable: "the arbitrator may award the prevailing party his or her expenses and fees of arbitration, including reasonable attorney fees and witness fees, in such proportion as the arbitrator decides." (Exhibit 1 at 4).

That clause would allow the arbitrator to award Defendants fees and costs if Denson loses the case – no matter the circumstances. This is a significant change from what would happen if the case was litigated in court. *See* Cal. Gov. Code § 12965(b) ("a prevailing defendant *shall not* be awarded fees and costs unless the court finds the action was *frivolous, unreasonable, or groundless* when brought, or the plaintiff continued to litigate after it clearly became so.") (emphasis added). The clause increases Denson's financial risk associated with litigating the case (i.e., if she loses the case, even if it was a close call, the arbitrator could require her to pay Defendants' fees and costs).

Defendants argue there is a limitation on the arbitrator's ability to award them fees and costs. (ECF 31 at 2). In support, Defendants cite the clause that the arbitrator can award all applicable remedies in accordance with the substantive law. *Id*. However, the clause at issue provides the arbitrator with additional authority to award them fees and costs.[5] And it does not contain any limitation (i.e., only in cases where the claims are meritless).

Overall, the clause is highly unconscionable. See *Pokorny v. Quixtar, Inc.*, 601 F.3d 987, 1004 (9th Cir. 2010) ("we agree that because the fee-shifting clause puts [the

---

[5] Otherwise, that clause would be redundant given the other section grants the arbitrator authority to award all remedies available under the applicable law, which includes fees and cost awards.

7

party] who demands arbitration at risk of incurring greater costs than they would bear if they were to litigate their claims in federal court, the district court properly held that the clause is substantively unconscionable."); *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 110-111 (2000) (an "arbitration agreement . . . cannot generally require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court."); *Wherry v. Award, Inc.*, 192 Cal. App. 4th 1242, 1249 (2011) (although an arbitration agreement did not require the arbitrator to award costs against plaintiffs if they were unsuccessful, it authorized the arbitrator to impose them); *see also Grabowski v. C.H. Robinson Co.*, 817 F. Supp. 2d 1159, 1178 (S.D. Cal. 2011) ("the arbitration agreement potentially offers Defendants attorneys' fees for which they might not otherwise be eligible under California law . . . the Court finds that the attorneys' fee provision . . . is substantively unconscionable under California law.") (internal quotation marks omitted).

But the agreement is not permeated with other unconscionable clauses. And the above clause is not central to the agreement. It is therefore appropriate to sever the clause. *See Martin v. Teletech Holdings, Inc.*, 213 F. App'x 581, 583 (9th Cir. 2006) (noting a fee-sharing clause was severable from an arbitration agreement).[6]

The Court **SEVERS** "the arbitrator may award the prevailing party his or her expenses and fees of arbitration, including reasonable attorney fees and witness fees, in such proportion as the arbitrator decides" from the agreement. *See* Cal. Civ. Code § 1670.5 ("if the court as a matter of law finds . . . any clause of the contract to have been unconscionable at the time it was made the court . . . may enforce the remainder of the contract without the unconscionable clause, or it may so limit the application of any

---

[6] The agreement also contains a severance clause. (*See* Exhibit 1 at 4).

unconscionable clause as to avoid any unconscionable result.") The agreement is otherwise enforceable.[7]

### 4. Defendants Did Not Waive Their Right to Compel Arbitration

Denson argues Defendants waived their right to compel arbitration. (ECF 25 at 13-14). Denson must show their acts prejudiced her. *See Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016). Yet, she fails to address that element (or provide evidence to support it). (*See* ECF 25 at 14). Defendants sought to compel arbitration soon after Denson filed this action. The Court therefore rejects that argument.

### 5. Motion to Stay

Defendants request the Court stay this action pending arbitration. *See* 9 U.S.C. § 3. The Court nevertheless exercises its discretion to **DISMISS** this action **WITHOUT PREJUDICE**. *See Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014) (courts may dismiss actions outright when all claims are subject to arbitration).

### CONCLUSION

The Court **SEVERS** the above clause from the agreement. The Court **GRANTS** the motion to compel arbitration. The Court **ORDERS** the parties to proceed with arbitration. The Court **DISMISSES WITHOUT PREJUDICE** this action. This Order does not preclude either party from returning to court to confirm, vacate, or modify the arbitration award under the Federal Arbitration Act.

*IT IS SO ORDERED*.

Dated: August 5, 2021

*[signature]*
Hon. M. James Lorenz
United States District Judge

---

[7] This Order does not alter or eliminate the parties' rights under applicable law – if any – to recover attorneys' fees or costs (or the arbitrator's ability to award it). (*See* Exhibit 1 at 3).